Opinion for the Court filed by Circuit Judge GINSBURG.
Concurring opinion filed by Circuit Judge KAVANAUGH.
GINSBURG, Circuit Judge:
The Ethics Committee of the United States House of Representatives opened an investigation into whether a certain congressman had violated House Rules by accepting private funding for a trip; the congressman maintained the trip was primarily for the purpose of legislative fact-finding. After the Committee had closed the matter, the Government began an investigation into certain statements the congressman made in his responses to the Committee. Grand jury subpoenas were served upon the law firm and upon the individual lawyers who represented the congressman before the Ethics Committee. The congressman moved to quash the subpoenas on the ground, among others, that they called for testimony and documents protected by Article I, Section 6, the Speech or Debate Clause, of the Constitution of the United States,'which says of senators and representatives that “for any Speech or Debate in either House, they *1181 shall not be questioned in any other Place.” The district court denied the motion to quash, and the congressman sought review in this court. We hold the congressman’s statements to the Ethics Committee are protected by the Speech or Debate Clause. Accordingly, the order of the district court denying the motion to quash is reversed, and the district court is directed to enter an order consistent with this opinion.
I. Background
The congressman contacted the Ethics Committee in response to press reports about a trip he had taken. The Committee informed the congressman in writing that it was investigating allegations that the trip may have constituted an illegal gift because it was financed by a lobbyist or was substantially recreational in nature. The Committee explained that “if true, this course of conduct may implicate several laws and rules applicable to the conduct of House employees,” such as the rule prohibiting the acceptance from a registered lobbyist of expenses for travel “in connection with his duties as an officeholder” and acceptance of travel expenses from any source for an event which is “substantially recreational in nature.” House Rule 25, cl. 5(b). The Committee invited the congressman to respond to the allegations and recommended his response include details about the trip and about his understanding as to the sources of payment therefor.
The congressman retained a law firm to represent him before, and to prepare and submit a response to, the Ethics Committee. His lawyers’ first submission explained that the congressman had “participated in what was described to him, in advance, as a privately sponsored fact-finding trip”; they also recounted his understanding of who was sponsoring the trip and his recollection that he paid personally for his recreational activities. In response to a second letter from the Committee, his attorneys described the congressman’s activities related to legislative fact-finding while on the trip. The Ethics Committee closed its inquiry with a brief public statement that “the trip did not comply with House rules and [the congressman] has agreed to resolve the matter by paying the cost of the trip to the United States Treasury.”
Shortly thereafter, the grand jury began its investigation and a government lawyer told the congressman’s attorneys that he and his colleagues wanted to interview the congressman about statements in the letters the congressman’s attorneys had submitted to the Committee. When the congressman declined to be interviewed, the congressman’s lawyers were served with grand jury subpoenas for testimony and documents related to their representation of the congressman before the Ethics Committee and their preparation of the submissions made on his behalf. The lawyers moved to quash on the grounds of attorney-client privilege and the work product doctrine. The congressman intervened, adopted his lawyers’ arguments, and moved to quash on the additional ground that the documents and testimony sought were protected from discovery by the Speech or Debate Clause.
The district court denied the motions to quash. With respect to the Speech or Debate Clause, the court reasoned that in responding to the Ethics Committee’s inquiry, the congressman was not acting in his legislative capacity but in his personal capacity as a witness to facts relevant to the Committee’s investigation. An adverse determination of the sort before us under the Speech or Debate Clause being immediately appealable under the collateral order doctrine, see United States v. Rostenkowski, 59 F.3d 1291, 1297 (D.C.Cir. 1995), the congressman filed a notice of appeal from that portion of the district *1182 court’s order rejecting his invocation of the Speech or Debate Clause.
II. Analysis
To reiterate, the Constitution says of senators and representatives that “for any Speech or Debate in either House, they shall not be questioned in any other Place.” In keeping with the purpose of the privilege to “prevent intimidation by the executive and accountability before a possibly hostile judiciary,” United States v. Johnson, 383 U.S. 169, 181, 86 S.Ct. 749, 15 L.Ed.2d 681 (1966), without unduly infringing “the rights of private individuals,” Gravel v. United States, 408 U.S. 606, 624 n. 15, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972), the Supreme Court has interpreted the immunity as applying only to “legislative acts,” including matters that are “an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings,” id. at 624-25, 92 S.Ct. 2614. Legislative fact-finding is therefore a protected activity. McSurely v. McClellan, 553 F.2d 1277, 1286-87 (D.C.Cir.1976). Drawing upon the reasoning of the Supreme Court in Gravel, which concerned “things done by [a] Senator’s agent or assistant which would have been legislative acts, and therefore privileged, if performed by the Senator personally,” 408 U.S. at 616, 92 S.Ct. 2614, the district court held a congressman may “assert the Speech or Debate Clause to bar compelled disclosure of testimony or documents from his attorney about the congressman’s legislative acts.” The Government does not contest that ruling. The Government does argue, however, that statements the congressman made in response to the Ethics Committee’s inquiry into whether his trip constituted an unlawful gift are not legislative acts and are therefore outside the scope of the Clause.
This court has considered twice before whether a congressman’s statements to a congressional ethics committee are protected by the Speech or Debate Clause. In Ray v. Proxmire, 581 F.2d 998 (1978), the plaintiff sued a senator for making an allegedly libelous statement in a letter he submitted to the Senate Ethics Committee, which was investigating whether he had misused Senate rooms to benefit his wife’s travel business. The senator had allegedly arranged for the use of Senate rooms by his wife’s clients as they toured Washington, D.C. The court held the statements protected by the Speech or Debate Clause:
In responding to a Senate inquiry into an exercise of his official powers, Senator Proxmire was engaged in a matter central to the jurisdiction of the Senate.... There is no indication that he disseminated his letter to anyone whose knowledge of its contents was not justified by legitimate legislative needs. Nor is there any suggestion that the statement objected to intimated anything not reasonably spurred by the subject of [the] inquiry.
Id. at 1000.
United States v. Rose, 28 F.3d 181 (1994), was a civil action in which the Government charged a congressman with knowingly filing false financial disclosure statements. The complaint relied upon testimony Rose had given to the House Ethics Committee. Although the defendant’s obligation to disclose his financial information was based upon his status as a congressman, the court held the Speech or Debate Clause inapplicable because the committee was not inquiring into the “exercise of [his] official powers.” Id. at 189 (quoting Ray, 581 F.2d at 1000). The court explained:
The testimony was not addressed to a pending bill or to any other legislative matter; it was, instead, the Congressman’s defense of his handling of various *1183 personal financial transactions. In short, Congressman Rose was acting as a witness to facts relevant to a congressional investigation of his private conduct; he was not acting in a legislative capacity.
Id. at 188 (internal citation omitted). Senator Proxmire’s letter, in contrast, was his “response to an allegation that [he] had misused Senate rooms, an allegation that directly touched the institution of the Senate and raised a possible violation of Senate Rules.” Id. at 189.
In the present case, the Government argues Rose rather than Ray controls because the congressman was responding to an inquiry not into the exercise of his official powers but merely into his “receipt of a prohibited personal gift,” a recreational vacation. But that begs the question whether the congressman was exercising his official power of legislative fact-finding, which was precisely the issue the Ethics Committee was trying to resolve.
The first letter the congressman received from the Committee had described its investigation as looking into the receipt of an unlawful gift — which, taken alone, might well have signaled an inquiry into a wholly personal transaction similar to that in Rose. But the nature of the inquiry was clarified when the congressman claimed the trip for which he had received private sponsorship was for the purpose of legislative fact-finding. The Committee’s inquiry thereafter was directed to whether the trip was an exercise of the congressman’s official powers or an abuse of those powers, i.e. a privately sponsored vacation.
Just as Senator Proxmire’s “allegedly defamatory statement” about a local travel business, Ray, 581 F.2d at 1000, was protected by the Speech or Debate Clause because it was “reasonably spurred by the subject of [the] inquiry” into whether he had abused his office to help his wife’s travel business, the congressman’s statements in this case are protected because they were directly spurred by the inquiry into whether he had abused his office to obtain a vacation. The statements at issue in Rose, by contrast, concerned his “personal loans” and “personal financial transactions,” 28 F.3d at 188; there was no connection between those statements and any act done or claimed to have been done in his legislative capacity.
In sum, this case is controlled by Ray rather than by Rose, the congressman’s testimony is covered by the Speech or Debate Clause, and he may “not be questioned in any other Place” concerning it. The order of the.district court denying the congressman’s motion to quash the subpoenas is, accordingly, . ■

Reversed.